Jack Stanislaw, J.
This action to compel specific performance of a contract against the Town of Brookhaven was tried before the court without a jury.
On December 8, 1959, the parties entered into an agreement precisely identifying and describing a public road first accepted in 1893 which thereafter became incapable of exact location. Plaintiff owns property on or adjacent to the road and agreed to the description of it so as to eliminate possible problems arising out of the prior inexact situs. As described in the agreement plaintiff acknowledged it as a town highway. The town agreed ‘ ‘ to maintain and police the said road as a public highway ’ ’. Barbara T. Horan, the plaintiff, has brought this action to compel the defendant town to actually proceed to put in the public road alluded to in the agreement. The defendant town insists that it is not bound to construct the road in the absence of language to that effect in the agreement. The only obligation it concedes is one to “maintain and police” the road. Nowhere is there anything said requiring the town’s construction of a road in the agreement.
In effect, the action is capable of resolution solely through an interpretation of the contract provision regarding the extent of the obligation incurred by defendant in agreeing to “ maintain and police ” the road. Initially we arc in accord with the argu *840 ment forwarded by Brookhaven, that the words “maintain” and “ police ” cannot reasonably be said to include “ construct ” or “ erect ” in any abstract definition. Yet other propositions are both elementary and applicable. Horan was in a position to derive a substantial monetary benefit from the creation of this road regardless of any other rights in nearby property surrendered by her for its establishment. She agreed to a described public roadway as a private, not a public, service. Her benefit was dependent upon the town’s subsequent action and was thought assured by the obligation undertaken regarding maintenance and policing. A contract will not be stretched shapeless by a court, yet ambiguities are to be resolved. Any ambiguity here is latent rather than apparent, yet nonetheless present upon an examination of the circumstances.
That is to say, the promise of the Town of Brookhaven to maintain and police its road is all well and good, but that promise is illusory and worthless if the town simply refrains from putting the road there to be maintained and policed. We cannot equitably undertake a translation of the agreement which would result in so blatant an evasion of a patently anticipated and agreed upon condition thereof.
Furthermore, the defendant’s acts subsequent to the agreement and as a consequence of it might easily be said to have given such effect to the agreement despite the questioned language (Koff v. Frank, 22 Misc 2d 551; Matter of Bayer v. Pugsley, 13 Misc 2d 610, affd. 7 A D 2d 828).
Insofar as the defendant Barraud’s position is concerned, urging the dismissal of the complaint as to him, the court is of the opinion that it is bound in this respect by the prior decision (and order) of Mr. Justice Munder of December 1, 1964. The argument made by this defendant is rejected.
The plaintiff is entitled to judgment of specific performance as prayed.